**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jarrell Wilson

   v.                                                Case No. 19-cv-1064-PB

Sgt. Peter Picone

**REPORT AND RECOMMENDATION**

In this case, plaintiff, Jarrell Wilson, has alleged that
defendant corrections officer Sgt. Peter Picone used excessive
force in slamming Mr. Wilson's head against a table, which broke
Mr. Wilson's jaw, in violation of Mr. Wilson's rights under the
Eighth Amendment.  Before the court is Sgt. Picone's motion to
dismiss (Doc. No. 24), which seeks relief under Fed. R. Civ. P.
12(b)(6), and Mr. Wilson's response (Doc. No. 27) to that
motion, in which he objects to Sgt. Picone's motion and adds new
allegations to the pleadings in this case.

In conducting its preliminary review of the original
pleadings in this action, the court liberally construed Mr.
Wilson's factual allegations, took them as true, and construed
all reasonable inferences drawn from those factual allegations
in plaintiff's favor, and then concluded that the allegations
could evince "such wantonness with respect to the unjustified
infliction of harm" as to be "tantamount to a knowing

willingness that it occur," <u>Whitley v. Albers</u>, 475 U.S. 312, 321

(1986), in finding that plaintiff had stated an Eighth Amendment

excessive force claim upon which relief could be granted.   The

question was a close one, given the scant facts alleged in the

complaint, especially in light of allegations stating that Sgt.

Picone's use of force occurred immediately after another inmate

had attacked Mr. Wilson, and Mr. Wilson was in the process of

standing up in response to that assault.   To the extent the

motion to dismiss seeks reconsideration of that conclusion, in

particular, by citing defendant's own records as evidence of

what really happened, the motion to dismiss does not provide

compelling grounds for ending this case at the pleadings stage.[1]

     There is, however, a firm basis for dismissing Mr. Wilson's

Eighth Amendment excessive force claim which arises from Mr.

---

     [1]The motion to dismiss quotes corrections officers'
description of the incident as reported in the disciplinary
records attached to the motion to dismiss, in seeking to
discredit a liberal construction of plaintiff's allegations.
That argument turns the Rule 12(b)(6) standard on its head,
where the complaint does not manifest any intent to cite the
contents of those records in connection with the Eighth
Amendment excessive force claim.  <u>See</u> <u>Goines v. Valley Cmty.</u>
<u>Servs. Bd.</u>, 822 F.3d 159, 167 (4th Cir. 2016) (if plaintiff
refers to contents of report prepared by third party to show,
for example, how he learned of certain facts alleged in his
complaint, "he does not automatically adopt all of the factual
conclusions contained in the report").  Accordingly, the court
declines to consider the content of the disciplinary records
attached to the motion to dismiss in ruling on that motion.

Wilson's new allegations in Document No. 27, which are considered to amend the pertinent pleadings as a matter of course.  See Fed. R. Civ. P. 15(a)(1)(A).  Mr. Wilson's new allegations include the following assertions: (1) Sgt. Picone slammed Mr. Wilson's head against the table after Mr. Wilson had thrown Sgt. Picone off Mr. Wilson's back, thinking Sgt. Picone was another inmate; (2) Sgt. Picone knew Mr. Wilson was considered to be a member of a "security threat group" at the time of the incident; (3) Sgt. Picone carried a taser that he did not use; and (4) at the time Mr. Wilson threw Sgt. Picone off of his back, he did so because he considered himself to be in a fight-or-flight predicament and impulsively opted to fight. The court subjects those new allegations to preliminary review under 28 U.S.C. § 1915A and LR 4.3(d)(1).

Taken as true, the new allegations demonstrate that Sgt. Picone's use of force involved two graduated steps.  The first was jumping on Mr. Wilson's back.  The second, more forceful step was slamming Mr. Wilson's head down against a table. According to Mr. Wilson's allegations, Sgt. Picone took that second step only after Mr. Wilson's impulsive "fight" response made jumping on his back ineffective.  Further, Sgt. Picone's two-step graduated response immediately followed a violent attack by one inmate on another, and Sgt. Picone knew at the

3

time he responded to the attack that Mr. Wilson was a member of a gang considered to be a prison security threat.

Considering all the relevant factors, including "the extent of the threat to the safety of staff and inmates, as reasonably perceived" by Sgt. Picone and "any efforts made to temper the severity of a forceful response," the pleadings, as amended by Document No. 27, do not state a claim that Sgt. Picone acted "maliciously and sadistically for the very purpose of causing harm," and not in a good faith effort to restore discipline. Whitley, 475 U.S. at 321 (internal citations and quotation marks omitted). Absent any allegations giving rise to a reasonable inference of malice, sadism, or wantonness, the allegations suggesting that Sgt. Picone could have used deployed his taser to temper his response further do not alter the court's conclusion that this matter should be dismissed on preliminary review of the amended pleadings. Cf. id. at 322 (if evidence shows no more than "mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives," and does not give rise to reliable inference of wantonness, case should not go to jury).

## Conclusion

For the reasons stated in this Report and Recommendation,

4

the district judge should: (1) dismiss this action in its entirety for failure to state a claim, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1), given the new allegations added to this case in Document No. 27; and (2) deny the motion to dismiss as moot (Doc. No. 24).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  That period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

October 21, 2020

cc:   Jarrell Wilson, pro se
      Amanda Palmeira, Esq.
      Jennifer Ramsey, Esq.

5